IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
CIVIL CASE NO. 1:21-cv-00168-MR
CRIMINAL CASE NO. 1:19-cr-00087-MR-WCM-2

KRISTOFF MICHAEL HUNTER,        )
                                )
            Petitioner,         )
                                )
vs.                             )
                                )
UNITED STATES OF AMERICA,       )   **MEMORANDUM OF**
                                )   **DECISION AND ORDER**
            Respondent.         )
_____)

**THIS MATTER** is before the Court on Petitioner's Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody. [Doc. 1].

**I.    BACKGROUND**

On November 18, 2019, Petitioner pleaded guilty pursuant to a written plea agreement to interference with Hobbs Act robbery in violation of 18 U.S.C. § 1951(a), and brandishing a firearm during a crime of violence and aiding and abetting the same in violation of 18 U.S.C. §§ 924(c)(1)(A)(ii), (c)(1)(D)(ii), and 2. [Criminal Case No. 1:19-cv-00087, Doc. 28: Superseding Indictment; Doc. 43: Amended Plea Agreement; Doc. 45 Acceptance and Entry of Guilty Plea]. In pleading guilty, Petitioner agreed to waive his right

to appeal his conviction or sentence except for claims of ineffective assistance of counsel or prosecutorial misconduct. [CR Doc. 43 ¶ 17]. Petitioner was later sentenced to a total term of 120 months' imprisonment. [CR Doc. 99]. Petitioner did not file a direct appeal.

On June 22, 2021, Petitioner filed the present Motion to Vacate, contending solely that his counsel was ineffective for failing to file a notice of appeal after the judgment was entered despite Petitioner's express instruction to do so. [Doc. 1]. In his claim for relief, Petitioner asks the Court to allow him to appeal his sentence, or for any other relief to which he may be entitled. [Doc. 1 at 8].

## II. SECTION 2255 STANDARD OF REVIEW

A federal prisoner claiming that his "sentence was imposed in violation of the Constitution or the laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence." 28 U.S.C. § 2255(a).

Rule 4(b) of the Rules Governing Section 2255 Proceedings provides that courts are to promptly examine motions to vacate, along with "any attached exhibits and the record of prior proceedings …" in order to

2

determine whether the petitioner is entitled to any relief on the claims set forth therein. After examining the record in this matter, the Court finds that the arguments presented by Petitioner can be resolved without an evidentiary hearing based on the record and governing case law. See Raines v. United States, 423 F.2d 526, 529 (4th Cir. 1970).

## III. DISCUSSION

It is well-settled that when a defendant clearly instructs his attorney to file a notice of appeal from a criminal judgment, the failure to file the notice of appeal constitutes *per se* ineffective assistance of counsel. See Roe v. Flores-Ortega, 528 U.S. 470, 477 (2000). That is, the defendant is presumed to have suffered prejudice no matter the potential merits of his claims for relief or whether he has waived his appellate rights, as Petitioner has done through his written plea agreement in this case. See United States v. Poindexter, 492 F.3d 263, 269 (4th Cir. 2007).

Here, Petitioner asserts in his sworn petition that his attorney failed to file a direct appeal after being instructed to do so. Specifically, Petitioner avers that he instructed counsel to file an appeal on his behalf on the day of his sentencing, but that counsel "through neglect deliberately failed to file said appeal." [Doc. 1 at 4]. In its response to Petitioner's Motion to Vacate, the Government concedes that Petitioner's claim of ineffective assistance of

counsel based on the failure to file a direct appeal after being instructed to do so warrants the granting of his Motion. [Doc. 3]. The Government further concedes that the appropriate remedy in this case is to vacate Petitioner's judgment and enter an amended judgment so that he may file a direct appeal. [Id.].

Upon review of Petitioner's Motion to Vacate, the Court concludes that the appropriate remedy in this matter is to vacate the original judgment and enter a new judgment only for the purpose of allowing Petitioner to pursue a direct appeal of his conviction and/or sentence in his underlying criminal case.

## IV. CONCLUSION

**IT IS, THEREFORE, ORDERED** that Petitioner's Motion to Vacate under 28 U.S.C. § 2255 [Doc. 1] is **GRANTED** for the reasons stated herein. The Clerk is directed to prepare an Amended Judgment with the same terms and conditions as Petitioner's Judgment filed on July 22, 2020 and submit it to the Court for consideration. Petitioner shall have fourteen (14) days from entry of the Amended Judgment to file a Notice of Appeal to appeal to the Fourth Circuit Court of Appeals.

**IT IS SO ORDERED.** Signed: September 20, 2021

Martin Reidinger
Chief United States District Judge